**UNITED STATES of America**

v.

**Harry F. MESSNER.**

**Crim. No. 76–205.**

United States District Court,
E. D. Pennsylvania.

March 9, 1977.

David W. Marston, U. S. Atty., W. C. Fields, III, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Fred T. Cadmus, III, West Chester, Pa., for defendant.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

Defendant, Harry F. Messner, was found guilty by a jury of making false entries in connection with the sale and delivery of firearms in violation of 18 U.S.C. § 922(m). Defendant has filed motions for judgment of acquittal and for a new trial. At no point, however, does he challenge the sufficiency of the evidence to support the jury verdict. For the reasons hereinafter set forth, said motions are denied.

Defendant's first contention in his motion for a judgment of acquittal is that Counts 1–6 of the indictment fail to state a criminal violation. Counts 1–6 allege that on six occasions, the defendant, a licensed

dealer in firearms, knowingly and unlawfully made false entries in the records he was required to keep pursuant to 18 U.S.C. § 923 and the regulations promulgated thereunder, in that on each occasion "he did show on a Department of the Treasury Form 4473, Firearms Transaction Record . . . [that, on a specific date, a firearm] was sold and delivered . . . when in truth and in fact this firearm was not sold and delivered . . . on said date, but was sold and delivered . . . on some earlier date [i]n violation of 18 U.S.C. § 922(m)."

18 U.S.C. § 922(m) provides in pertinent part:

It shall be unlawful for any . . . licensed dealer . . . knowingly to make any false entry in . . . any record which he is required to keep pursuant to section 923 of this chapter or regulations promulgated thereunder.

Regulation 178.124, 27 C.F.R. § 178.124, promulgated thereunder, requires in pertinent part that:

(a) A . . . licensed dealer shall not sell or otherwise dispose, temporarily or permanently, of any firearm to any person . . . unless he records the transaction on a firearms transaction record, Form 4473 . . . .

(b) A . . . licensed dealer . . . shall retain . . . each Form 4473 he obtains in the course of transferring custody of his firearms.

(c) Prior to making an over-the-counter transfer of a firearm . . . the . . . licensed dealer . . . so transferring the firearms shall obtain a Form 4473 from the transferee . . . and (2) if satisfied that the transferee is lawfully entitled to receive the firearm, shall sign and date the form.

Counts 1–6 of the indictment charge that the defendant knowingly entered dates other than the dates on which he transferred possession of the firearms on form 4473's, which, if proved, constitute violations of 18 U.S.C. § 922(m). Thus Counts 1–6 of the indictment do state criminal violations.

Defendant's second contention in his motion for a judgment of acquittal is that the regulations are too ambiguous to sustain a violation of 18 U.S.C. § 922(m). Defendant testified that he thought that the transaction date, the date which he was required to enter on the form 4473, was the date on which the transaction was completed—*i. e.,* in this case, the date on which he was paid in full for the gun. Reliance is placed upon the maxim that an "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity". *Rewis v. United States,* 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971). The applicable standard by which to determine whether a statute is so ambiguous as to violate the fourteenth amendment was set forth by the Supreme Court in *Connally v. General Const. Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926), wherein the Court stated:

a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.

This rule is founded on the belief that fair warning should be accorded as to what conduct is criminal and punishable by deprivation of liberty or property. *Huddleston v. United States,* 415 U.S. 814, 831, 94 S.Ct. 1262, 39 L.Ed.2d 782 (1974).

The instant statute provides that knowingly making a false entry on a form required to be kept by the statute or the regulations promulgated thereunder is a crime. The defendant contends that the regulations are ambiguous in connection with the term "transaction date". We find no ambiguity in the regulations concerning the date which the licensed dealer is to enter on form 4473. Regulation 178.124, 27 C.F.R. § 178.124, provides in subsection (a) that a licensed dealer is not to sell or otherwise dispose, temporarily or permanently, any firearm to a non-licensee unless he records the transaction on form 4473; subsection (b) provides that he must retain each form 4473 which he obtains in the

course of transferring custody of the firearm; and subsection (c) provides that prior to transferring the firearm to a non-licensee, he must sign and date the 4473. Regulation 178.124 is clear that the transaction date which the dealer must insert on the 4473 is the date he transfers the firearm to a non-licensee, whether the transfer is temporary or permanent. It is obvious that the term transfer in the regulation means the giving up of custody of the firearm by the dealer and the receipt of custody of the firearm by someone who is not a federally licensed dealer. There is no ambiguity in the statute or the regulations promulgated thereunder as to the transaction date.

In support of his motion for a new trial, defendant contends that the Court erred in instructing the jury that the "transaction date" was the date the dealer transferred possession or custody of the firearm to a non-licensee. In connection with this allegation of error, the defendant once again contends that the transaction date is the date on which the dealer receives the purchase price of the weapon. As we have heretofore pointed out, the date which the statute and regulations require the dealer to enter on the 4473 as the transaction date, is the date on which he transferred possession or custody of the firearm to a non-licensee. Defendant's suggested construction of the regulation would obviously defeat a major purpose of the statute, which, as expressed by Congress "is to provide support to Federal, State, and local law enforcement officials in their fight against crime and violence . . ." Pub.L. No. 90–618, § 101, *U.S.Code Congressional and Administrative News* 1397 (1968). The 4473 forms are used by law enforcement personnel to trace the custody of guns. Defendant's suggested construction of the regulation would lead to the ridiculous situation in which the 4473 would not reveal the date a non-licensee obtained custody of the weapon in those cases where payment in full was received by the dealer on a date other than the day on which the dealer transferred the weapon to the non-licensee. Furthermore, as we have heretofore pointed out, the regulation mandates that a dealer "shall not sell or otherwise dispose, temporarily or permanently, of any firearm" unless he records the transaction on a 4473; such a situation may not involve payment in full.

The Court, therefore, did not err when it instructed the jury:

You are instructed that the "transaction date" is the date when the licensed dealer transfers the firearm to a non-licensee, whether the transfer is temporary or permanent. The term transfer, as used in these regulations, means the giving up of custody of the firearm by the dealer and the receipt of custody of the firearm by someone who is not a federally licensed dealer.

Defendant's second contention with respect to his motion for a new trial is that we erred in failing to charge the jury on "knowingly". Defendant requested such an instruction and we charged the jury as follows:

The third element [that the jury must find beyond a reasonable doubt before the defendant may be found guilty of violating 18 U.S.C. § 922(m)] requires that the false entries were knowingly made. The purpose for including the word "knowingly" in the statute was to insure that no one would be convicted for an act done because of accident, mistake or other innocent reason. Thus, an act is done "knowingly" only if done voluntarily and intentionally, and not because of mistake, accident or other innocent reason.

This charge tracks almost verbatim the charge requested by the defendant.

Accordingly, the attached Order is entered:

### ORDER

AND NOW, this 9th day of March, 1977, upon consideration of defendant's motions for a new trial and judgment of acquittal, it is hereby ORDERED that said motions are DENIED.